IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BETTY J. MORTON, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.3:03-3439-CMC-BM |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| HULL/STOREY DEVELOPMENT, LLC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this action against her former employer alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2002, *et seq.*, and various breach of contract related state law claims. The contracts at issue consist of a letter-agreement entered into at the time Plaintiff accepted employment with Defendant and certain leave provisions of her employee handbook.

Defendant filed a motion for summary judgment seeking a ruling in its favor on all claims. In accordance with this court's order of reference and 28 U.S.C. § 636(b), this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation ("Report").

Magistrate Judge Marchant recommended that Defendant's motion be granted as to the Title VII retaliation claim and all state law claims. He further recommended that the Title VII gender discrimination claim be allowed to proceed to trial. Dkt No. 48. The matter is presently before the court on the parties' cross objections to the Report. Dkt No. 51 & 52.

For the reasons set forth below, the court adopts the Report and Recommendation to the extent it recommends that summary judgment be granted as to all state law claims. The court further adopts the recommendation that the Title VII gender discrimination claim be allowed to proceed to trial. The court also concludes that the Title VII retaliation claim should be allowed to proceed to

trial and, therefore, declines to adopt the Report to the extent it recommends that summary judgment be granted as to this claim.

**STANDARD**

This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

**DISCUSSION**

**I.     Title VII – Gender Discrimination Claim**

In her objection, Plaintiff disavows reliance on some of the evidence on which the Magistrate Judge relied in denying Defendant's motion for summary judgment on the gender discrimination claim. Taking the remaining evidence in the light most favorable to Plaintiff and considering Defendant's objections, the court reaches the same conclusion as did the Magistrate Judge. That is, the court concludes that there is sufficient evidence to support a finding that the reasons given by Defendant for Plaintiff's termination were pretextual.[1]  Therefore, albeit with a modified rationale, this court adopts the recommendation of the Magistrate Judge and denies Defendant's motion for summary judgment as to this claim.

**II.    Title VII – Retaliation Claim.**

In recommending that Defendant's motion for summary judgment be granted as to Plaintiff's retaliation claim, the Magistrate Judge focused on events which occurred on October 1, 2002, when a 5:15 p.m. facsimile transmission of a letter from Plaintiff's attorney to Defendant alleged a

---

[1] For purposes of summary judgment, Defendant concedes that Plaintiff can make out a prima facie case of discrimination. The evidence pertinent to Defendant's summary judgment motion, therefore, relates solely to whether Defendant's asserted reasons for termination were pretextual.

2

violation of Title VII. On that same date, Defendant posted a letter directed to Plaintiff (dated September 30, 2002), which enclosed a release. Nothing in Defendant's letter references either a letter from Plaintiff's attorney or any threatened litigation. Neither does anything in the tone of the letter suggest it is a reaction to the letter from Plaintiff's attorney. Based on these facts and the late transmission of the facsimile, the Magistrate Judge concluded that this evidence was insufficient to support a reasonable inference that the letter from Plaintiff's attorney prompted the demand for a release as a condition of continued payments.

In her objection, Plaintiff argues that the Magistrate Judge focused on the incorrect letter. Specifically, Plaintiff relies on a letter sent by Defendant's attorney to Plaintiff's attorney on October 3, 2002. That letter states that the demand that future contact with Plaintiff go through her attorney was a breach of Plaintiff's agreement to remain available to consult with Defendant. Based on this "breach," Defendant's attorney states that Defendant will make no further payments to Plaintiff. Notably, though Defendant now maintains that Plaintiff's breach included her refusal to sign the release, the release is not mentioned in the October 3, 2002 letter from Defendant's attorney.

Plaintiff's attorney subsequently wrote Defendant's attorney to clarify that the "contact" limitation related only to matters relevant to the discrimination claim. Defendant, however, declined to modify its position that Plaintiff had breached the agreement. Defendant, therefore, declined to make any payment to Plaintiff for dates following receipt of her attorney's letter.

Taken in the light most favorable to Plaintiff, the evidence supports the conclusion that the parties reached an agreement at the time Plaintiff was informed of her termination that she would remain available for consulting for a limited period of time and that she would receive her base pay during that specified period. The evidence is also susceptible to the conclusions that: (1) this pay was not conditioned on execution of a release; and (2) Defendant's discontinuance of Plaintiff's pay

was in retaliation for her allegations of discrimination rather than (or in addition to) her attorney's demand that contact be through him. Under these circumstances, the court concludes that there are genuine issues of material fact precluding summary judgment on this claim.

### III.     State Law Claims

The court agrees with and adopts the reasoning and recommendation of the Magistrate Judge in regard to all state law claims.

### CONCLUSION

For the reasons set forth above, this court adopts the Magistrate Judge's ultimate recommendations as to Title VII discrimination and all state law claims and the rationale as to the latter. The court declines to adopt the recommendation as to the Title VII retaliation claim.

IT IS, THEREFORE, ORDERED that summary judgment be entered in Defendant's favor as to all state law claims and that the Title VII discrimination and retaliation claims proceed to trial with mediation to be completed no later than September 30, 2005. If the matter is not resolved by mediation, it shall be scheduled for Jury Selection on November 7, 2005. Counsel shall confer within two weeks of receipt of this order to schedule mediation and to establish dates for pretrial disclosures under the time frames normally allowed in this court's scheduling orders.[2]

**IT IS SO ORDERED**.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 31, 2005

C:\temp\notesB0AA3C\03cv3439-- morton v hull story partial adopt R&R.wpd

---

[2] Counsel should refer to the standard form scheduling orders available on the court's website.